IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALEJANDRO EGOAVIL-ROJAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:25-cv-2113 (LMB/WBP) |
| ) | |
| KRISTI NOEM, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

Petitioner Alejandro Egoavil-Rojas ("Egoavil-Rojas"), a native and citizen of Peru, has filed a five-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since September 9, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Accardi doctrine because ICE had no probable cause for arrest (Count I) and failed to complete a flight risk analysis (Count II); violates his substantive due process rights (Count III); violates his procedural due process rights under 8 U.S.C. §§ 1225 and 1226 Count IV); and violates the Immigration and Nationality Act (Count V).

Egoavil-Rojas is currently detained at the Caroline Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Paul Perry, the warden of the Caroline Detention Center. Egoavil-Rojas has also sued Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; and Russell Hott, the Director of the Washington, D.C. Field Office of ICE's Enforcement and Removal Operations division (collectively, "the federal respondents").

For the reasons discussed in this Order, the Court finds that Egoavil-Rojas is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as to Count III, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Egoavil-Rojas entered the United States around ten years ago. [Dkt. No. 1] at ¶ 22. He lives in Silver Spring, Maryland with his partner and his young U.S. citizen daughter. Id. at ¶ 23. Egoavil-Rojas and his family regularly attend church at the Saint Andrew Apostle Catholic Church in Silver Spring, Maryland. Id. He also has "no significant criminal convictions and is neither a flight risk nor a danger to society." Id. at ¶ 24. On November 11, 2025, ICE officers stopped Egoavil-Rojas while he was driving to work in his van at a checkpoint, and detained him without bond in the Caroline Detention Center. Id. at ¶ 25. On November 12, 2025, Egoavil-Rojas was issued a Notice to Appear ("NTA"),[2] which charged him with being inadmissible to the United States—and therefore subject to removal—pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Id. at ¶ 26.

Egoavil-Rojas filed his Petition for Writ of Habeas Corpus on November 20, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented

---

[1] Because the Court is granting relief on due process grounds, it need not address Egoavil-Rojas' arguments based on the Accardi doctrine, his procedural due process rights under 8 U.S.C. §§ 1225 and 1226, and the Immigration and Nationality Act.

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

2

in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a notice stating that "the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the filings in Ceba Cinta into the record of this habeas action."[3] [Dkt. No. 6] at 1. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Egoavil-Rojas' Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their Ceba Cinta opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Egoavil-Rojas has not been

---

[3] The federal respondents' notice also indicated that, although Egoavil-Rojas alleges claims under the Accardi doctrine, those claims are "not material to the resolution of the Petition because, if the Court rules as it did in Ceba Cinta, it need not reach these claims." [Dkt. No. 6] at 2.

3

admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), which the Government has not appealed, and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in

---

[4] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons, et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon, et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); Perez Bibiano v. Lyons, et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem, et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't, et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); Sanchez Saire v. Elliston, et al., 1:25-cv-1808-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); Zelaya Arias v. Lyons, et al., 1:25-cv-1892-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 19, 2025) (released on a $8,000 bond); Maya Torres v. Crawford, et al., 1:25-cv-1891-LMB-LRV, Dkt. No. 12 (E.D. Va. Nov. 17, 2025) (released on his own recognizance); Cabrera Gomez v. Noem, et al., 1:25-cv-1997-LMB-WEF, Dkt. No. 6 (E.D. Va. Nov. 26, 2025) (released on a $3,000 bond); Ceba Cinta v. Noem, et al., 1:25-cv-1818-LMB-WEF, Dkt. No. 13 (E.D. Va. Nov. 23, 2025) (released on a $1,500 bond); Rios Resendiz v. Lyons, et al., 1:25-cv-1872-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 23, 2025) (released on a $8,000 bond); Hernandez-Salvador v. Bondi, et al., 1:25-cv-2001-LMB-IDD, Dkt. No. 7 (E.D. Va. Dec. 2, 2025) (released on a $1,500 bond). But see Funez Contreras v. Lyons, et al., 1:25-cv-1929-LMB-IDD, Dkt. No. 12 (E.D. Va. Nov. 22, 2025) (bond denied).

Egoavil-Rojas has been present in the United States for ten years. [Dkt. No. 1] at ¶ 22. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Egoavil-Rojas' detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Egoavil-Rojas' continued detention is unlawful.

III.

For all the reasons stated above, Egoavil-Rojas' Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Egoavil-Rojas be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Egoavil-Rojas must live at a fixed address which he must provide to the federal respondents.

ORDERED that respondents provide Egoavil-Rojas with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Egoavil-Rojas on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Egoavil-Rojas is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[5]; and it is further

---

[5] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Egoavil-Rojas has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Egoavil-Rojas' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 3rd day of December, 2025.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge